1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    DEWEY STEVEN TERRY,                    No. C-13-1227 EMC (pr)

9              Plaintiff,

10        v.                                **ORDER OF DISMISSAL WITH LEAVE
                                            TO AMEND**
11   BRAD SMITH; *et al.*,

12             Defendants.
     _____/

13

14        Dewey Steven Terry, an inmate currently at the San Quentin State Prison, filed this *pro se*

15   civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review under

16   28 U.S.C. § 1915A, which requires the Court to identify any cognizable claims, and dismiss any

17   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

18   monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

19        The complaint fails to state a claim upon which relief may be granted.  The complaint directs

20   the reader to "please see attachment sheet," Docket # 1, p. 3, for a statement of the claim, but there is

21   no statement of claim attached to the form complaint; instead, there are about 160 pages of

22   miscellaneous exhibits.  It is a plaintiff's obligation to write out a complete statement of his claims,

23   rather than to expect the Court to read through exhibits to piece one together for him.  Plaintiff will

24   be given leave to amend to file an amended complaint that provides a complete statement of his

25   claims.

26        In preparing his amended complaint, Plaintiff must allege facts showing the basis for liability

27   for each defendant.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

28   (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

**United States District Court**
For the Northern District of California

violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

U.S. 42, 48 (1988).  Plaintiff also is cautioned that he needs to link individual defendants to each of

his claims.  He should not refer to them as a group (*e.g.*, "the defendants"); rather, he should identify

each involved defendant by name and link each of them to his claim by explaining what each

involved defendant did or failed to do that caused a violation of his rights.  *See Leer v. Murphy*, 844

F.2d 628, 634 (9th Cir. 1988).[1]

One of the exhibits attached to the complaint is a "civil client agreement between counsel &

co-counsel and the grantee's," Docket # 1, p. 5, that appears to be some sort of fee agreement for

plaintiff and another inmate to represent a group of other inmates in this action which they plan to

pursue as a class action.  Only licensed attorneys may practice law in California.  *See* Cal. Bus. &

Prof. Code § 6126 (criminalizing the unauthorized practice of law).  "[A] litigant appearing in

propria persona has no authority to represent anyone other than himself."  *Russell v. United States*,

308 F.2d 78, 79 (9th Cir. 1962).  Plaintiff's allegations that suggest he wants to pursue a class action

are dismissed because *pro se* prisoner-plaintiffs are not adequate class representatives able to fairly

represent and adequately protect the interests of a class.  *See Oxendine v. Williams*, 509 F.2d 1405,

1407 (4th Cir. 1975).  Plaintiff may pursue claims only about violations of his own rights, and

therefore should confine himself to such allegations in his amended complaint.  Any other prisoner

who wants to pursue a claim about a violation of his own rights must file his own civil action.

The amended complaint fails to state a claim upon which relief may be granted against any

defendant.  Leave to amend will be granted so that Plaintiff may attempt to state a claim.  The

amended complaint must be filed no later than **August 5, 2013**, and must include the caption and

civil case number used in this order and the words AMENDED COMPLAINT on the first page.  The

amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693

F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to

---

[1] There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights.  *See Monell v. Dep't of Social Servs.,*436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim upon which relief may be granted.

          IT IS SO ORDERED.

Dated:  July 3, 2013

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

3