UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEWEY TERRY,

    Plaintiff,

    v.

BRAD SMITH, et al.,

    Defendants.

Case No. 13-cv-01227-EMC

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

This is one of six related cases in which *pro se* prisoner-plaintiffs asserted claims based on an alleged exposure to asbestos and lead paint during the clean-up of the mattress factory in May - June 2012 at San Quentin State Prison. Summary judgment motions were filed in most of the cases, including *Terry v. Smith*, No. C 13-1227 EMC. The Court chose one case, *Markee Carter v. Smith*, No. C 13-4373 EMC, and granted the motion for summary judgment in part and denied it in part. The Court dismissed the pending summary judgment motions in the other cases and referred all six related cases for settlement proceedings, explaining that the ruling in the *Carter* case was not technically dispositive of the motions for summary judgment in the other related cases, but provided enough guidance for all the parties to have a good sense of their relative positions for settlement purposes. The Court appointed counsel for the limited purpose of representing the plaintiffs in connection with settlement proceedings. Magistrate Judge Spero thereafter held settlement conferences, during which four of the cases were settled were settled. The parties in *Terry v. Smith*, No. C 13-1227 EMC, and *Arnold v. Smith*, No. C 13-4456 EMC, were unable to reach a settlement agreement. Accordingly, the Court will set a case management conference to discuss moving this case toward resolution.

The telephonic case management conference will be held in this case at **11:30 a.m. on**

**Thursday, January 14, 2016**. Each party must file and serve a case management statement no later than **December 31, 2015,** in which he: (1) describes specifically the discovery that remains to be done; (2) states the amount of time needed for discovery; (3) states whether any further motions will be filed, and what specifically those motions are; (4) states when that party will be ready for trial; (5) provides an estimate of the number of days needed for trial. If defendants wish to file a motion for summary judgment, they should inform the Court when that would be ready. The parties do not need to list their expert witnesses in the case management report, but should be prepared to discuss the types of experts they intend to call and any related discovery issues.[1] The case management conference statements need not be jointly prepared. The Deputy Attorney General representing Defendants will initiate the conference call and have Plaintiff connected on the telephone call before connecting the conference call to the Court. The Deputy Attorney General shall call the courtroom deputy in advance to obtain the courtroom telephone number.

Attorneys James McGinnis, Dylan Ballard, and Nadezhda Nikonova of the law firm of Sheppard Mullin were appointed as counsel for the plaintiffs in the related cases for the limited purpose of representing them in connection with settlement proceedings, and explained that the appointment would terminate with the conclusion of the settlement proceedings unless (a) counsel was permitted to withdraw or substitute out before the conclusion of those proceedings or (b) counsel requested appointment for further proceedings. The settlement proceedings have concluded for this case and counsel has not requested further appointment. Accordingly, the representation of Plaintiff by the appointed attorneys has concluded for this case. The Court thanks the attorneys for their willingness to take the time and effort to volunteer to represent Plaintiff. After sending a copy of this order to the attorneys appointed to represent Plaintiff <u>and to Plaintiff</u> directly, the Clerk shall update the service list to remove the appointed attorneys from the

---

[1] Plaintiff is cautioned that he needs to make arrangements to pay witness fees and expert witness fees. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The *in forma* pauperis statute does not authorize the district court to waive witness fees or expenses paid to the witnesses, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992); *Tedder*, 890 F.2d at 211-12. Therefore, plaintiff must make arrangements to pay witness fees and travel expenses for any witnesses he intends to call at trial.

2

1 service list so that documents will be served only on Plaintiff directly from this point forward.

2 From this point forward, Plaintiff will be representing himself and must file all his own
3 papers, including the case management conference statement.  Defense counsel must serve all
4 papers directly on Plaintiff, rather than on the attorneys whose representation has concluded.

5 The Court has received a letter from Plaintiff indicating that he is temporarily out-to-court
6 in Los Angeles.  The Court has set the deadlines in this order anticipating that he will return to San
7 Quentin State Prison (or be reunited with his legal property) in sufficient time to file a case
8 management conference statement and participate in the case management conference.

9 The stay of discovery imposed in the order filed July 21, 2015 (Docket No. 68) is now
10 **LIFTED**.  The parties may resume their discovery efforts.

12 **IT IS SO ORDERED**.

14 Dated: December 9, 2015

_____
EDWARD M. CHEN
United States District Judge