UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWEY TERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRAD SMITH, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01227-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Docket No. 131 |

　　　　On December 2, 2016, the Court granted Defendants' motion for summary judgment and entered judgment against Plaintiff. Plaintiff has filed a motion to alter or amend the judgment, in which he re-argues his opposition to Defendants' motion and asks the Court to send the case back for further settlement proceedings. Docket No. 131.

　　　　A Rule 59(e) motion seeks to "alter or amend the judgment" and must be filed within 28 days after judgment is entered. Fed. R. Civ. P. 59(e). "[A]ltering or amending a judgment [under Rule 59(e)] is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson,* 822 F.3d 482, 491-92 (9th Cir. 2016); *see also McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (en banc). Plaintiff's motion does not show his entitlement to any relief under Rule 59(e) from the order granting summary judgment.

　　　　Plaintiff also argues that the Court should send the case back for further settlement proceedings because, in his view, it was improper for Defendants to offer a settlement package that, among other things, required that he leave the employ of CALPIA. Plaintiff offers no

persuasive legal authority for his view that a settlement offer violates a litigant's constitutional rights, especially when that settlement offer is not accepted. Plaintiff chose not to settle when the case *was* referred for settlement proceedings and counsel was provided to Plaintiff for purposes of those settlement proceedings. Now that one of the risks of not settling the case has occurred -- i.e., Plaintiff has lost and judgment has been entered against him -- the Court will not undo the judgment so that Plaintiff can rethink his interest in settlement.

The motion to alter or amend the judgment is **DENIED**. (Docket No. 131.)

**IT IS SO ORDERED**.

Dated: January 10, 2017

_____
EDWARD M. CHEN
United States District Judge